```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MARISA F. JACOBS,

                            Plaintiff,         :    08 Civ. 4481 (TPG)

            - against -                        :    OPINION

CLAIRE'S STORES, INC.,                         :

                            Defendant.         :
------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/09

Plaintiff Marisa Jacobs brings this action against her former employer, Claire's Stores, based on its failure to pay plaintiff over $400,000 when she resigned from the company. Defendant moves to dismiss with prejudice plaintiff's second claim for relief, which alleges a violation of New York's Labor Law and seeks an award of costs, attorney's fees, and damages under that law. The motion is granted.

## Background

The following facts are taken from the amended complaint and, for purposes of this motion, are assumed to be true.

In September 2003, plaintiff was hired as the Vice-President of Investor Relations and Corporate Communications for Claire's, which was, at the time, a large, publicly traded company. She was one of two Claire's employees recognized as "global corporate spokespersons," and she was required to "manage the flow of business and financial

Case 1:08-cv-04481-TPG Document 14 Filed 08/12/09 Page 2 of 6

information" between Claire's and the general public. She therefore regularly communicated with the company's management and board of directors, as well as with investment analysts, institutional investors, and journalists.

On December 15, 2006, plaintiff entered into an agreement with Claire's called the "Change in Control Termination Protection Agreement," which provided that Jacobs would be entitled to certain payments and benefits if she terminated her employment for "good reason" following a change in control of Claire's. "Good reason" was defined to include a "materially adverse alteration" in her "responsibilities or conditions of employment."

On May 29, 2007, a change in control occurred when Claire's became a private corporation. On March 28, 2008, after deciding that her job responsibilities had "been materially adversely altered," Jacobs resigned. She notified Claire's that she believed she was resigning for "good reason," and therefore claimed that she was entitled to payments under the Change in Control agreement. Claire's disagreed and declined to make the payments requested by plaintiff.

Plaintiff subsequently initiated this diversity action. The amended complaint claims that Claire's (1) breached the Change in Control agreement and (2) violated a provision of New York's Labor Law governing the payment of wages to employees.

## Discussion

To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In deciding the motion, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff has asserted a claim for unpaid wages under section 191(3) of New York's Labor Law. Defendant correctly argues that plaintiff cannot assert a claim under section 191, both because she was an executive[1] and because she is not claiming an entitlement to "wages."

It is clear from the statute that section 191(3) does not apply to executives. Section 191(3) provides that if "employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section." N.Y. Lab. Law § 191(3). The other "provisions of this section," in turn, establish payment schedules for four types of workers: manual workers, railroad workers, commissioned salespersons, and "clerical and other worker[s]." § 191(1). Plaintiff was clearly not a manual worker, railroad worker, or salesperson. As an executive, she was also not a "clerical and other"

---

[1] Plaintiff does not dispute that she was an "executive"—nor could she reasonably do so, since she was employed as defendant's "Vice President of Investor Relations and Corporate Communication" and was part of its "Senior Management Team."

worker, since that category excludes "any person employed in a bona fide executive, administrative or professional capacity." § 190(7). Thus, section 191 does not establish a pay schedule for executives. Since section 191(3) refers to the "pay day . . . established in accordance with the provisions of this section," and no such pay day is "established" by section 191, there is no basis in section 191(3) for a claim of unpaid wages by an executive.

This conclusion is consistent with the statement of the New York Court of Appeals that "employees serving in an executive, managerial or administrative capacity do not fall under section 191." Pachter v. Bernard Hodes Group, Inc., 10 N.Y.3d 609, 616 (2008). Plaintiff is correct that the Court of Appeals did not specifically direct this statement to subsection 3 of section 191. Nonetheless, as illustrated above, this result is compelled by the structure of the statute.

In addition, the payments under the Change in Control agreement are not "wages," and are therefore not covered under section 191. The term "wages" is defined for purposes of section 191 as "the earnings of an employee for labor or services rendered." § 190(1). Moreover, the statute specifically states that for purposes of section 191, the term "wages" does not encompass "wage supplements," which includes "separation" pay. §§ 190(1); 198-c(2). Finally, courts are required to construe the definition of wages narrowly to cover only

compensation with a "direct relationship" to an employee's performance. Truelove v. N.E. Cap. & Advisory, Inc., 95 N.Y.2d 220, 223-24 (2000).

The payment under the Change in Control agreement therefore cannot be considered wages, since it was not to be provided for "services rendered," was not directly related to plaintiff's performance, and would instead have been separation pay. Although plaintiff argues that the payment would not have been "separation pay," this argument is unconvincing. According to plaintiff, the payment was intended "to encourage her to remain with the company during uncertain times." However, since plaintiff was only eligible to receive the payment upon separation from her employer, it is clearly "separation" pay. Indeed, the complaint itself refers to it as a "severance payment[]."

Plaintiff's claim under section 191(3) is therefore dismissed.

Plaintiff also claims, based on section 198 of the Labor Law, that she is entitled to costs, attorney's fees, and liquidated damages for the alleged violation of section 191. However, section 198 requires a plaintiff to assert a valid claim "founded on the substantive provisions of Labor Law article 6." Gottlieb v. Kenneth D. Laub & Co., 82 N.Y.2d 457, 464 (1993). Since plaintiff's section 191 claim fails, her cause of action under section 198 must also be dismissed.

Defendant has not moved to dismiss plaintiff's breach-of-contract claim, so she remains free to pursue that claim.

- 6 -

## Conclusion

Defendant's motion to dismiss the second claim of the complaint with prejudice is granted.

SO ORDERED.

Dated: New York, New York
       August 12, 2009

_____
Thomas P. Griesa
U.S.D.J.